IN THE SUPREME COURT OF THE STATE OF DELAWARE

DALLAS DRUMMOND, § 
§ No. 477, 2019
Defendant Below, §
Appellant, §
§
v. § Court Below – Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1004007691 (K)
Plaintiff Below, § 1001008949A (K)
Appellee. §

Submitted: February 28, 2020
Decided: April 13, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Dallas Drummond, filed this appeal from his sentencing for a violation of probation ("VOP").  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Drummond's opening brief that his appeal is without merit.  We agree and affirm.

(2)   On September 19, 2011, Drummond pleaded guilty to possession of marijuana, and the Superior Court sentenced him to six months of imprisonment, suspended for six months of Level III probation.  On February 4, 2013, Drummond

pleaded guilty to two counts of fourth-degree rape. For each count, the Superior Court sentenced him to fifteen years of imprisonment, suspended after four years for eighteen months of Level III probation. The sentencing order also provided that Drummond would be subject to GPS monitoring and prohibited him from having contact with any minor under eighteen years of age.

(3) On August 6, 2019, a probation officer filed a violation of probation ("VOP") report alleging that Drummond's GPS monitor had indicated that Drummond was on a high school campus on July 23, 2019, for approximately thirty minutes. At a VOP hearing on November 8, 2019, Drummond's counsel stated that Drummond admitted the violation. Drummond addressed the court regarding various matters, and he admitted that he had been on school grounds. The Superior Court found Drummond in violation and imposed the following VOP sentence: for the first fourth-degree rape conviction, eleven years of imprisonment, suspended after completion of the Transitions Sex Offender Program for two years of Level III probation with GPS monitoring; for the second fourth-degree rape conviction, eleven years of imprisonment, suspended for two years of Level III probation with GPS monitoring; and for the marijuana conviction, six months of imprisonment, suspended for two years of Level III probation with GPS monitoring.

(4) Drummond has appealed from his VOP sentence. On appeal, he argues that his probation officer had a conflict and was biased against him; the State did not

present any evidence at the VOP hearing that demonstrated that Drummond was on school grounds, and the court did not listen to his explanations about why he was at the school; and another probation officer threatened Drummond by stating that Drummond needed to satisfy the conditions of his probation or he would go back to prison for life.

(5) After careful consideration, we find no merit to Drummond's appeal. Drummond appeared at the VOP hearing represented by counsel. He admitted that he had violated probation, and the Superior Court found him in violation based on that admission. Drummond's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[1] Finally, Drummond did not present his claims that his probation officer was biased or that another officer threatened him to the Superior Court at the VOP hearing, and we find no plain error in the record with respect to these issues.[2]

---

[1] *E.g.*, *Cook v. State*, 2019 WL 949372 (Del. Feb. 25, 2019); *Lougheed v. State*, 2016 WL 5899238 (Del. Oct. 10, 2016).

[2] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . ."); *Scarborough v. State*, 2018 WL 2944438, at *2 (Del. June 8, 2018) (reviewing claim that probation officer's sentence recommendation was biased for plain error because defendant had not raised the claim below).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

4